UNITED STATES DISTRICT COURT

DISCTRICT OF MAINE

| | |
|---|---|
| KHALIF WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES M. MURRAY, DIRECTOR, )<br>UNITED STATES SECRET SERVICE, )<br>ROBERT YOUNG, PISCATAQUIS )<br>COUNTY SHERIFF, AND MICHAEL )<br>SAUSCHUCK, COMMISSIONER, )<br>STATE OF MAINE DEPARTMENT )<br>OF PUBLIC SAFETY, )<br>)<br>Defendants. ) | No. 1:20-cv-00195-LEW |

## **MEMORANDUM OF DECISION ON EX PARTE MOTION FOR TERMPORARY RESTRAINING ORDER**

Hearing rumors that one or more roads through Guilford, Maine, may be closed during President Donald Trump's visit to the premises of Puritan Medical Products, Plaintiff, Khalif Williams brought this federal action to obtain a temporary restraining order because he fears "all roads into Guilford" will be blocked to prevent demonstrators from being able to access public forums in the vicinity of Puritan Medical Products. Because the available evidence does not demonstrate that Defendants' efforts to prepare for the President's visit will prevent reasonable vehicular access *to* the Town (as opposed to through the Town), let alone reasonable pedestrian movement and assembly in downtown Guilford, Plaintiff's Motion is DENIED.

## DISCUSSION

The standard for issuing a temporary restraining order is "the same as for a preliminary injunction." *Bourgoin v. Sebelius*, 928 F. Supp. 2d 258, 267 (D. Me. 2013). Injunctive relief is "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (citations and quotation marks omitted). "To grant a preliminary injunction, a district court must find the following four elements satisfied: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) a balance of equities in the plaintiff's favor, and (4) service of the public interest." *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). As the party seeking injunctive relief, Plaintiff bears the burden of establishing that the factors weigh in his favor. *Nat'l Org. for Marriage v. Daluz*, 654 F.3d 115, 117, 119-20 (1st Cir. 2011). "In the First Amendment context, the likelihood of success on the merits is the linchpin of the preliminary injunction analysis….[I]rreparable injury is presumed upon a determination that the movants are likely to prevail on their First Amendment claim." *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 10-11 (1st Cir. 2012).

Plaintiff's motion argues he is likely to prevail on a claim that "Defendant's actions in blocking all roads into Guilford at the time of the President's visit is violative of his constitutional right to free expression, and is not a reasonable time, place, and manner restriction on expressive conduct, or is an improper prior restraint on speech or is a viewpoint specific restraint on free expression." Mot. at 3. The restricted property at issue, public streets and sidewalks, "are presumptively traditional public forums, and the

Supreme Court has repeatedly reaffirmed their status as places for expressive activity." *Watchtower Bible & Tract Soc'y of N.Y., Inc v. Jesus*, 634 F.3d 3, 11 (1st Cir. 2011) (citing, *e.g.*, *Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings Coll. of the Law v. Martinez*, 130 S. Ct. 2971, 2986 n.14, (2010). However, even in traditional public forums circumstances may justify restrictions. "In public forums, viewpoint-based restrictions are prohibited, and any content-based restriction must satisfy strict scrutiny, but reasonable time, place, and manner limitations are permissible, that is, those 'justified without reference to the content of the regulated speech,' 'narrowly tailored to serve a significant governmental interest,' and 'leav[ing] open ample alternative channels for communication of the information.'" *Id.* at 18-19 (citing *Pleasant Grove City v. Summum*, 555 U.S. 460, 469 (2009)).

At the other end of the spectrum is "[p]ublic property which is not by tradition or designation a forum for public communication." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983). In these nonpublic forums, the state has far greater leeway to limit expressive activity. "In addition to time, place, and manner regulations, the state may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Id*. A restriction on speech in a non-public forum can be content-based but must still be viewpoint-neutral. *See id*. at 49.

Plaintiff's showing in support of his motion relies, effectively, on hearsay. Plaintiff believes, but does not know, that he will be unable to access public forums within the Town

of Guilford.  That belief simply is not enough to support the drastic remedy of an ex parte restraining order.  "[T]he ex parte submission of information from a party to the court and the court's ruling on that information without notice to or participation of the opposing party is fundamentally at odds with our traditions of jurisprudence and can be justified only in the most extraordinary circumstances."  *United States v. Innamorati*, 996 F.2d 456, 487 (1st Cir. 1993) (citing *Haller v. Robbins*, 409 F.2d 857, 859 (1st Cir. 1969)).

By proceeding ex parte, the Court is deprived of an opportunity to hear from one or more of the Defendants to understand what is planned in terms of street closures in Guilford.  Consequently, the Court cannot find that Plaintiff will suffer irreparable harm absent an ex parte temporary restraining order and, thus, the Court finds no adequate basis for granting Plaintiff the extraordinary remedy of ex parte injunctive relief.

**SO ORDERED.**

Dated this 5th day of  June, 2020.

/S/ Lance E. Walker
**LANCE E. WALKER**
**UNITED STATES DISTRICT JUDGE**